[Cite as *State v. Underdew*, 2021-Ohio-3811.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2021-0006 |
| | : | |
| WALTER UNDERDEW | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2020-0507



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           October 26,2021



APPEARANCES:


For Plaintiff-Appellee:                   For Defendant-Appellant:

RONALD L. WELCH                           TODD W. BARSTOW
MUSKINGUM CO. PROSECUTOR                  261 West Johnstown Rd., Suite 204
TAYLOR P. BENNINGTON                      Columbus, OH 43230
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Walter Underdew appeals from the January 21, 2021 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on September 22, 2020, when Adult Parole Authority Officer Eric Gaumer contacted Deputy Logan Wisecarver of the Muskingum County Sheriff's Office. Gaumer needed Wisecarver's assistance in searching for and arresting appellant at an address in Muskingum County.

{¶3} Wisecarver and Gaumer drove to a residence on Lara Drive, knocked on the door, and spoke with the owner of the residence, "an older male." Wisecarver asked if appellant was present; the owner said he wasn't sure and gave the officers permission to enter the residence to look for him.

{¶4} The officers entered and the owner pointed out appellant's bedroom. The door of the bedroom was cracked open; Wisecarver looked in and saw appellant laying across the bed; his hands were not visible. Wisecarver announced himself and appellant raised his head. Wisecarver told appellant to show his hands and he complied. Wisecarver told appellant Gaumer needed to speak to him.

{¶5} Gaumer told appellant he was about to be arrested and appellant briefly objected because he didn't understand why he was about to be arrested. Appellant then complied, got out of bed, and placed his hands behind his back. As Wisecarver cuffed appellant, he asked if appellant had anything on him that could "stick, poke or otherwise hurt" Wisecarver because he wasn't wearing his duty gloves. Appellant did not respond or answer the question.

{¶6} Wisecarver testified that his standard procedure is to search everyone upon arrest. He found a rolled-up lottery receipt in appellant's front left pocket; inside the receipt was a baggie containing what appeared to be narcotics. Photos of the lottery receipt, baggie, and substances were introduced at trial as appellant's Exhibits D-1, D-2 and D-3.

{¶7} Upon finding the narcotics, Wisecarver stopped the search of appellant for officer safety; he didn't want to come into contact with a substance such as fentanyl without his gloves on. Wisecarver escorted appellant to his cruiser, obtained his duty gloves, and searched the rest of appellant's person.

{¶8} Wisecarver collected the evidence, secured it, and submitted it to the Newark Crime Lab. The parties stipulated that an expert in forensic chemical analysis examined appellee's evidence and found Item One to consist of .583 grams of cocaine and Item Two to consist of 3.924 grams of methamphetamine.

{¶9} Appellant was charged by indictment with one count of aggravated drug possession (methamphetamine) pursuant to R.C. 2925.11(A), a felony of the third degree [Count I] and one count of drug possession (cocaine) pursuant to R.C. 2925.11(A), a felony of the fifth degree [Count II]. Appellant entered pleas of not guilty and the matter proceeded to trial by jury. Appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence and at the close of all of the evidence; the motions were overruled. Appellant was found guilty as charged.

{¶10} The trial court sentenced appellant to prison terms of 36 months upon Count I and 12 months upon Count II, to be served consecutively, for a total aggregate prison sentence of 48 months.

{¶11} Appellant now appeals from the trial court's Entry of convictions and sentence dated January 21, 2021.

{¶12} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶13} "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED POSSESSION OF DRUGS AND POSSESSION OF DRUGS AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶14} In his sole assignment of error, appellant argues his convictions are against the manifest weight and sufficiency of the evidence because appellee did not prove he knowingly possessed the controlled substances. We disagree.

{¶15} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the

defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶16} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶17} Appellee was required to prove beyond a reasonable doubt that appellant knowingly obtained, possessed, or used a controlled substance or a controlled substance analog  pursuant to R.C. 2925.11(A), in this case,  methamphetamine and cocaine. Appellant asserts appellee failed to produce sufficient evidence that he knowingly possessed the substances because he was asleep when Wisecarver entered the room; appellant offered no response when Wisecarver asked if he had anything dangerous on his person; and appellee "offered no explanation as to how the narcotics came to be in appellant's shirt pocket." Brief, 2.

{¶18} The uncontroverted testimony of Deputy Wisecarver established that the narcotics were found in appellant's pocket.  Appellant implies that this evidence falls short of proving that he "possessed" the narcotics.  R.C. 2925.01(K) defines "possession" as

"having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶19} Possession may be actual or constructive. *State v. Granados*, 5th Dist. Fairfield No. 13-CA-50, 2014-Ohio-1758, ¶ 25, citing *State v. Butler,* 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989). To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery,* 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly,* 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist.2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *Granados, supra,* citing *State v. Barr,* 86 Ohio App.3d 227, 235, 620 N.E.2d 242 (8th Dist.1993); *State v. Morales,* 5th Dist. Licking No.2004 CA 68, 2005–Ohio–4714, ¶ 50.

{¶20} In the instant case, appellee's uncontroverted evidence established appellant was able to exercise dominion and control over the narcotics in his front pocket, and therefore had constructive possession of the narcotics.

{¶21} The jury could reasonable infer that appellant "possessed" the narcotics which were found in his pocket. "Control," as used in the definition of "possession," supra, is given its ordinary meaning, namely "to exercise restraining or directing influence over." *State v. Copeland*, 2nd Dist. Montgomery No. 23718, 2010-Ohio-4916, ¶ 21, citing Black's

Law Dictionary, Fifth Ed., 1979. The presence of the contraband in a defendant's pocket "clearly established that he 'exercise[d] restraining or directing influence" over the contraband, and "[t]o find otherwise would be to set aside common sense as it relates to the plain meaning of the concepts of 'possession' and 'control.'" *Id.*

{¶22} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant possessed methamphetamine and cocaine. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* supra.

{¶23} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387. Upon our review of the entire record in this matter, appellant's convictions are not against the sufficiency or the manifest weight of the evidence.

{¶24} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶25} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Baldwin, P.J. and

Gwin, J., concur.