[Cite as *State v. Corbett*, 2023-Ohio-556.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 22CA0013 |
| | : | |
| TIMOTHY CORBETT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Licking County Court of
                                   Common Pleas, Case No.
                                   2021CR00282



JUDGMENT:                          AFFIRMED



DATE OF JUDGMENT ENTRY:            February 24, 2023



APPEARANCES:


For Plaintiff-Appellee:                     For Defendant-Appellant:

WILLIAM C. HAYES                            WILLIAM T. CRAMER
LICKING CO. PROSECUTOR                      470 Olde Worthington Road, Ste. 200
ROBERT N. ABDALLA                           Westerville, OH 43082
20 S. Second St.
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Timothy Corbett appeals from the January 31, 2022 Judgment Entry of the Licking County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The following facts are adduced from appellee's bill of particulars filed June 21, 2021, and from appellee's statement of fact at the sentencing hearing on January 31, 2022.

{¶3} In February 2021, special agents with the U.S. Postal Service Office of Inspector General and the Central Ohio High Intensity Drug Trafficking Area Task Force (HIDTA) noticed a pattern of packages sent between addresses associated with appellant and California.  Among those addresses were an apartment on Westmoor Avenue in Newark and a residence on Harvestwood Lane in Columbus. Agents intercepted a package appellant intended to mail to California containing a significant amount of U.S. currency. On March 30, 2021, special agents with the Postal Service intercepted a package from Imperial, CA addressed to the Harvestwood Lane address containing two and a half pounds of methamphetamine.

{¶4} On or around April 13, 2021, CODE agents attached a GPS device to appellant's vehicle, a light blue 2008 Hyundai Santa Fe, Ohio temporary tag L005480, registered in the name of Ashley Bales. Law enforcement surveilled appellant's movements in the vehicle.

{¶5} On May 15, 2021, around 5:56 pm, the GPS unit indicated the vehicle was at Daley Storage Units on Broad Street in Pataskala. Office DeJesus of the Pataskala Police Department drove by and observed a black 4-door sedan with a white male

standing outside the vehicle. DeJesus continued to watch the storage units and eventually saw the Santa Fe exit with a female driver as the sole occupant. Around 10:00 pm, DeJesus saw the black sedan in the parking lot with the motor running. When the sedan left, DeJesus ran the registration and found it was also registered to Ashley Bales. DeJesus observed the vehicle enter a gas station parking lot nearby and saw a tall white male matching appellant's description enter and exit the gas station and then drive off.

{¶6} At 22:54 hours, DeJesus initiated a traffic stop of the black sedan for speeding, and DeJesus knew appellant had active arrest warrants. DeJesus approached the sedan and identified appellant as the driver.

{¶7} Appellant re-started the vehicle and fled from the traffic stop at speeds well in excess of the posted speed limit, failing to stop at red lights and stop signs, and passing other vehicles on the wrong side of the road. At one point, appellant stopped and started to exit the vehicle, but then fled again.

{¶8} Appellant eventually left the roadway at Summit and Cable Road, driving through a dirt field. Several law enforcement agencies located and apprehended appellant. The vehicle was wrecked in a field just east of a tree line where appellant was taken into custody.

{¶9} Officers inventoried the vehicle and 15 to 20 feet away from the vehicle found a plastic baggie containing a crystal-like substance. The baggie contained suspected methamphetamine and was submitted for testing. Appellant admitted he was involved in drug trafficking activities and that he uses the U.S. Mail to facilitate those activities. Appellant claimed there would be seven pounds of narcotics and over 3,000

pills in his Pataskala storage unit, as well as paperwork documenting his drug trafficking conviction in CA.

{¶10} Officers obtained a search warrant for the storage unit and found a safe which smelled strongly of a chemical odor believed to be methamphetamine. Inside, officers found a blue cloth bag containing six plastic bags, all of which contained a crystal substance; a Ziploc bag containing a crystal substance; and another bag containing a large number of blue pills.

{¶11} All substances were submitted to the Central Ohio Regional Crime Lab for testing and found to be 2,349.38 grams of methamphetamine and 296.3 grams of fentanyl.

{¶12} On May 22, 2021, Pataskala police were dispatched to a farm across the street from the crash site. The owner advised he was driving a tractor in a field when he discovered a backpack containing a large clear baggie of a crystal substance and a bag of blue pills. The substances matched the contraband found in appellant's storage locker days earlier. The substances in the backpack were submitted for testing and found to be 1,112 grams of methamphetamine and 130.8 grams of fentanyl.

{¶13} Appellant was charged by superseding indictment as follows: Count I, aggravated possession of methamphetamine pursuant to R.C. 2925.11(A)(C)(1)(e), a felony of the first degree; Count II, aggravated trafficking in methamphetamine pursuant to R.C. 2925.03(A)(C)(2)(1)(f), a felony of the first degree; Count III, possession of fentanyl-related compound pursuant to R.C. 2925.11(A)(C)(11)(g), a felony of the first degree; Count IV, trafficking in fentanyl-related compound pursuant to R.C. 2925.03(A)(2)(C)(9)(h), a felony of the first degree; Count V, aggravated possession of

methamphetamine pursuant to R.C. 2925.11(A)(C)(1)(e), a felony of the first degree; Count VI, possession of fentanyl-related compound pursuant to R.C. 2925.11(A)(C)(11)(g), a felony of the first degree; Count VII, aggravated possession of methamphetamine pursuant to R.C. 2925.11(A)(C)(1)(b), a felony of the third degree; and Count VIII, failure to comply with an order or signal of a police officer pursuant to R.C. 2921.331(C)(5)(a)(ii), a felony of the third degree.

{¶14} The indictment contained a number of specifications as follows. Counts I through VII were accompanied by a U.S. currency forfeiture specification pursuant to R.C. 2981.02(A)(1)(B) and R.C. 2941.1417(A), in the amount of $3,774.47. Counts I through VII also included a vehicle forfeiture specification pursuant to R.C. 2981.02(A)(1)(A) and R.C. 2941.1417(A), relating to the blue Hyundai Santa Fe.  Counts III and IV contained a major drug offender specification pursuant to R.C. 2941.1410(B) and the drug involved is a fentanyl-related compound.  Count VI contained a major drug offender specification pursuant to R.C. 2941.1410(B) and the drug involved is a fentanyl-related compound.

{¶15} Appellant entered pleas of not guilty and the trial court appointed counsel. On August 26, 2021, counsel filed a motion to withdraw and the trial court appointed new counsel.  New counsel filed a motion to withdraw on September 13, 2021, citing a conflict of interest and an irretrievable breakdown in communication.  New counsel was appointed on September 14, 2021, but filed a motion to withdraw on November 18, 2021.

{¶16} The trial court scheduled the latest motion to withdraw for an oral hearing on November 29, 2021.  At the hearing, defense trial counsel stated he sought to withdraw because appellant demanded a level of attention he could not give. Counsel was concerned because appellant faced significant prison time, including a minimum sentence

of 14 years and a maximum sentence of 66 years. Appellee offered a recommended sentence of 15 years in exchange for appellant changing his pleas. The trial court noted it wasn't bound by any agreement between counsel, and asked appellant why he delayed progress of the case by repeatedly seeking new counsel. Appellant replied that he personally wanted to review all of the discovery, but the trial court responded that some discovery was provided to attorneys only. The trial court determined appellant misrepresented the facts underlying the purported problems with counsel and denied the motion to withdraw.

{¶17} On January 31, 2022, appellant and defense trial counsel appeared before the trial court and changed his pleas of not guilty to ones of no contest to Counts II and IV. The remaining counts and the major-drug-offender specifications were dismissed. The trial court found appellant guilty and sentenced him to a mandatory indefinite prison term of 11 to 16 1/2 years upon Count II and an indefinite term of 5 to 7 1/2 years upon Count IV. The terms are to be served consecutively for a total aggregate prison sentence of 16 to 21 and a half years. The trial court also granted the cash and vehicle forfeiture specifications.

{¶18} Appellant now appeals from the trial court's Judgment Entry of January 31, 2022.

{¶19} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶20} "I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY FAILING TO MAKE

ALL OF THE STATUTORY FINDINGS UNDER R.C. 2929.14(C)(4) BEFORE IMPOSING CONSECUTIVE SENTENCES."

{¶21} "II. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY IMPOSING CONSECUTIVE SENTENCES  WHEN THE RECORD DOES NOT SUPPORT THE REQUISITE STATUTORY FINDINGS."

{¶22} "III. INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS."

**ANALYSIS**

I.

{¶23} In his first assignment of error, appellant argues the trial court failed to make the requisite statutory findings for imposing consecutive sentences.  We disagree.

*Standard of review for felony sentences*

{¶24} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne,* a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

{¶25} R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find

that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.

{¶26} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Requisite findings for imposition of consecutive sentences*

{¶27} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, ¶ 23. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and

to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶28} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the

reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

*Proportionality: danger offender poses to public*

{¶29} Appellant argues the trial court failed to make the requisite findings at the sentencing hearing to impose consecutive sentences; specifically, appellant asserts the trial court did not properly cite the latter of the two proportionality findings.

{¶30} First, having reviewed the entire record, we note appellant is a convicted drug trafficker who pled no contest to trafficking of methamphetamine and fentanyl, a deadly enterprise in which he utilized the U.S. Mail. When law enforcement attempted to apprehend him, he fled. Nonetheless, appellee dismissed additional significant charges and major-drug-offender specifications.

{¶31} At the sentencing hearing, regarding consecutive sentences, the trial court stated:

> * * * *.
>
> I find consecutive sentences are necessary to protect the public, punish you, not disproportionate to the crimes you've committed or sentences imposed on others for similar conduct. I'd

also find consecutive sentences are necessary due to your criminal

history.

\* \* \* \*.

T. Sentencing, 25.

{¶32} Appellant concedes the trial court arguably addressed the seriousness of his conduct with its reference to "the crimes you've committed," but argues the trial court did not cite the danger posed by appellant. ["…if the court finds…that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public…" R.C. 2929.14(C)(4).]

{¶33} The record does not indicate that the trial court ordered a pre-sentence investigation; nor does it indicate appellant waived preparation of a P.S.I. The record does contain, however, appellant's criminal history and driving record in its non-public file. We note appellant's criminal history contains prior felony convictions of drug trafficking. See, *State v. Oder*, 5th Dist. Licking No. 2021 CA 00061, 2022-Ohio-3048, ¶ 71.

{¶34} The issue posed by this case is whether we can discern that the trial court engaged in the proper analysis regarding proportionality. In *State v. Bonnell*, the trial court stated at the sentencing hearing where it imposed consecutive sentences, "Going through all of the sentencing factors, I cannot overlook the fact your record is atrocious. The courts have given you opportunities. \* \* \* On the PSI pages 4 through 16, it's pretty clear that at this point in time you've shown very little respect for society and the rule of society. The Court feels that a sentence is appropriate." *Bonnell*, 2014-Ohio-3177, ¶ 9. The Ohio Supreme Court reviewed the requirements of R.C. 2929.14(C)(4) with the trial court record in *Bonnell* to find the trial court had met some of the mandated statutory

findings of R.C. 2929.14(C)(4), but not all. The Supreme Court discerned from the trial court's statement that Bonnell "had shown very little respect for society" so there was a need to protect the public from future crimes or to punish Bonnell. *Id.* at ¶ 33. The Court also concluded by the trial court's description of Bonnell's record as "atrocious" that it knew of Bonnell's criminal record, and that record related to a history of criminal conduct demonstrating a need to protect the public from future crime. *Id.* at ¶ 33. The Supreme Court found the trial court, however, never addressed the proportionality of consecutive sentences to the seriousness of Bonnell's conduct and the danger he posed to the public; therefore, it vacated the sentence and remanded the matter to the trial court for resentencing. *Id.* at ¶ 33, 37.

{¶35} In the instant appeal, appellant argues only that the trial court failed to specify whether consecutive sentences were not disproportionate to the danger he poses to the public under to R.C. 2929.14(C)(4). Unlike *Bonnell*, we can discern from the trial court's statements at the sentencing hearing regarding the crimes appellant has committed that the trial court addressed the proportionality of consecutive sentences. *Oder*, supra, 2022-Ohio-3048, ¶ 73.[1]

{¶36} The trial court's imposition of consecutive sentences was not contrary to law and appellant's first assignment of error is overruled.

---

[1] But see also, *State v. Priest*, 5th Dist. Licking No. 2022 CA 00022, 2022-Ohio-4291 [finding trial court did not make requisite findings upon failure to address proportionality].

II.

{¶37} In his second assignment of error, appellant argues the record does not support the statutory findings for consecutive sentences.  We disagree.

{¶38} According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell*, supra, ¶ 28. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶39} R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶40} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Appellant has not shown that the trial court imposed the sentence based on impermissible consideration, meaning considerations that fall outside those contained in R.C. 2929.11 and R.C. 2929.12. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.  *State v. Worden*, 5th Dist. Muskingum No.

CT2022-0030, 2022-Ohio-4648, ¶ 28; see also, *State v. Washington,* 5th Dist. Richland

No. 2020 CA 0066, 2022-Ohio-625, ¶123-124, appeal not allowed, 167 Ohio St.3d 1450,

2022-Ohio-2246, 189 N.E.3d 828.

{¶41} Appellant's second assignment of error is overruled.

III.

{¶42} In his third assignment of error, appellant challenges the constitutionality of

the Reagan Tokes Act, specifically R.C. 2967.271, which codified hybrid indefinite prison

terms for first- and second-degree felonies. Appellant argues that the Act violates the

separation of powers doctrine, the constitutional right to trial by jury, due process and

equal protection.  We disagree.

{¶43} We first note that pursuant to *State v. Maddox*, Ohio St.3d, 2022-Ohio-764,

N.E.3d, the Ohio Supreme Court held that constitutional challenges to the Reagan Tokes

Act are ripe for review on direct appeal. *State v. Turner*, 5th Dist. Licking No. 2022 CA

00040, 2023-Ohio-441, ¶ 40.

{¶44} In *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-

Ohio-1542, this Court set forth its position on the arguments raised in appellant's third

Assignment of Error:

> For the reasons stated in the dissenting opinion of The
> Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No.
> 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law
> does not violate Appellant's constitutional rights to trial by jury and
> due process of law, and does not violate the constitutional
> requirement of separation of powers. We hereby adopt the

dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶45} Based on the forgoing authority, the trial court did not err in sentencing appellant to an indefinite non-life term. *Turner*, supra, 2023-Ohio-441, ¶ 42.

{¶46} Appellant's third assignment of error is overruled.

**CONCLUSION**

{¶47} Appellant's three assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concurs in part and dissents in part.

*Hoffman, J., concurring in part, and dissenting in part*

{¶48} I concur in the majority's analysis and disposition of Appellant's third assignment of error.

{¶49} I respectfully dissent from the majority's disposition of Appellant's first assignment of error for the reasons set forth in my Opinion in *State v. Priest*, 5th Dist. Licking No. 2022 CA 00022, 2022-Ohio-4291.