[Cite as *State v. Johnson*, 2024-Ohio-5274.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSHUA A. JOHNSON, | : | Case No. CT2024-0056 |
| | : | CT2024-0057 |
| Defendant - Appellant | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Muskingum County
Court of Common Pleas, Case Nos.
CR2023-0345 and CR2023-0456


JUDGMENT: Affirmed


DATE OF JUDGMENT: November 1, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. PALMER                    CHRIS BRIGDON
27 N. Main Street                          8138 Somerset Road
Zanesville, Ohio 43702                  Thornville, Ohio 43076

*Baldwin, J.*

{¶1} The appellant appeals the trial court's decision to impose consecutive sentences. The appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

{¶2} On May 25, 2023, the appellant was indicted in Muskingum County Court of Common Pleas Case Number CR2023-0345 on the following charges: Count One, Burglary in violation of R.C. 2911.12(A)(1) and (D), a second degree felony; Count Two, Telecommunications Fraud in violation of R.C. 2913.05(A), (B), and (C), a fourth degree felony; Count Three, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Four, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Five, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Six, Identity Fraud in violation of R.C. 2913.49(B)(2) and (I)(2), a fourth degree felony; Count Seven, Theft in violation of R.C. 2913.02(A)(3) and (B)(2), a fifth degree felony; and, Count Eight, Possessing Criminal Tools in violation of R.C. 2923.24(A) and (C), a fifth degree felony.

{¶3} On July 20, 2023, the appellant was indicted in Muskingum County Court of Common Pleas Case Number CR2023-0456 on the following charges: Count One, Burglary in violation of R.C. 2911.12(A)(3) and (D), a third degree felony; Count Two, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Three, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Four, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Five, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Six, Possession Criminal Tools in violation of R.C. 2923.24(A) and (C), a fifth degree felony; and, Count

Seven, Possession Criminal Tools in violation of R.C. 2923.24(A) and (C), a fifth degree felony. The appellant was incarcerated at the time of the indictments. He was appointed counsel, and on April 2, 2024, pleaded not guilty to all charges in both cases.

**{¶4}** On April 22, 2024, the appellant changed his plea, and executed "Plea of Guilty" forms in both cases. In Case Number CR2023-0345, he pleaded guilty to Count Three, Theft in violation of R.C. 2923.02(A)(1), a fifth degree felony. The appellee dismissed the remaining charges. The Plea of Guilty form set forth a stated minimum prison term of 6, 7, 8, 9, 10, 11, or 12 months on said count.

**{¶5}** In Case Number CR2023-0456, the appellant pleaded guilty to Count Two, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Three, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; Count Four, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; and, Count Five, Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony. The appellee dismissed the remaining charges. The Plea of Guilty form set forth a stated minimum prison term of 6, 7, 8, 9, 10, 11, or 12 months on each count.

**{¶6}** In addition, a change of plea hearing took place on April 22, 2024. The appellee summarized the facts of both cases, as well as the plea agreements, stating that "[t]here is a jointly recommended sentence to impose an aggregate total prison term of 60 months between this case and the other pending matter, 2023-456. The parties stipulate for findings of consecutive sentences." The trial court asked the appellant's counsel if the appellee's summary was accurate, to which he replied "[t]hat's correct, Your Honor."

{¶7} The trial court engaged in the requisite Crim.R. 11(C) colloquy, and proceeded to sentence the appellant. The appellant, who has an extensive criminal record, had served time in prison on five separate occasions. The trial court sentenced the appellant in Case Number 2023-0345 to 12 months on the theft charge to which he pleaded guilty. The trial court sentenced the appellant on the charges to which he pleaded guilty in Case Number 2023-0456 as follows: on Count Two, 12 months in prison; on Count Three, 12 months in prison; on Count Four, 12 months in prison; and, on Count Five, 12 months in prison, all to run consecutively in both cases for an aggregate term of 48 months. The trial court ordered that the appellant's 48-month sentence would run consecutively to the 12-month sentence in Case Number 2023-0345, for an overall aggregate sentence of 60 months, which was what the parties had jointly recommended.

{¶8} The trial court specifically found that consecutive sentences were necessary to protect the public and punish the appellant, and were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public. The court stated further that the appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

{¶9} At the time of sentencing, the appellant had four-and-one-half years remaining on a prison sentence in two unrelated prior theft cases in Franklin County, Ohio, and Delaware County, Ohio.[1] The trial court considered the appellant's numerous criminal matters in Ohio, as well as his lengthy criminal history, stating:

---

[1] In addition, at the time of sentencing the appellant had a pending criminal case in Kentucky, where he had been charged as a persistent felony offender and was facing a consecutive 10-year sentence.

THE COURT:        And you're very much so a repeat offender, you would agree; right?

THE DEFENDANT: Yes, Your Honor.

THE COURT:        You'll be 42 this year?

THE DEFENDANT: Yes, Your Honor.

THE COURT:        So how much time have you spent in prison so far of your life?

THE DEFENDANT: Probably about 20 years.

THE COURT:        Why were you - - why were you in Muskingum County?

THE DEFENDANT: Just passing through.

THE COURT:        No, you weren't passing through because you went to Planet Fitness.[2]

THE DEFENDANT: I thought you was asking me like was I like in town hanging out with anybody. And I don't know nobody - - nobody here.

THE COURT:        Did you just come here specifically to find a Planet Fitness and go into the locker room, because you paid 10 bucks and you're able to get in?

THE DEFENDANT: Yes, Your Honor.

THE COURT:        Based upon the facts and circumstances and the history of your history, I'm going to order this be consecutive to any time you're serving at this point.

---

[2] A number of the theft charges herein involved the appellant stealing wallets from lockers in Planet Fitness.

And, again, the Court finds consecutive sentences are necessary to punish this offender and finding consecutive sentences are not disproportionate to the seriousness of the conduct and danger posed to the public.

Additionally, your history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime of this offender. So this is consecutive to any time you're already serving in that four - - four-and-one-half year sentence that - - I don't know if it's Franklin County, whatever. I forget where it was.

MR. EDWARDS:     Franklin and Delaware.

THE COURT:          Franklin and Delaware….

Thus, the trial court addressed the imposition of consecutive sentences for case numbers CR2023-0345 and CR2023-0456, as well as the prior Franklin and Delaware County cases for which the appellant had four-and-one-half years remaining in prison.

**{¶10}** The appellant filed a timely appeal, in which he sets forth the following sole assignment of error:

**{¶11}** "I. SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES BETWEEN MUSKINGUM COUNTY CASES 2023 CR 345 AND 2023 CR 456, GIVEN THAT THE APPELLANT WAS ALREADY SERVING A 4.5 YEAR PRISON SENTENCE FROM FRANKLIN COUNTY AND DELAWARE COUNTY CASES AT THE TIME OF SENTENCING FOR THE MUSKINGUM COUNTY CASES?"

**{¶12}** The appellant argues that the trial court erred in imposing consecutive sentences, and in finding that his sentences should be consecutive to the four-and-one-half year sentence he was serving on the Franklin and Delaware County cases. We disagree.

## STANDARD OF REVIEW

**{¶13}** Appellate review of felony sentences was addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

> We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.
>
> R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.
>
> Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought

to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id.* at ¶24-26.

**{¶14}** The issue of consecutive sentences was discussed by the Ohio Supreme Court in the seminal case of *State v. Bonnell*, 2014-Ohio-3177:

On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶ 28.

**ANALYSIS**

**{¶15}** R.C. 2929.14 addresses prison terms, and specifically addresses the imposition of consecutive sentences at section (C)(4):

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

This language was applied in *Corbett, supra,* in which this Court stated:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but

it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

*Id.* at ¶28.

**{¶16}** The appellant argues that the imposition of consecutive sentences between Muskingum, Franklin and Delaware Counties is in contravention of R.C. 2929.14(C)(4). We disagree. Our review of the record confirms that the trial court engaged in the correct analysis as required by R.C. 2929.14(C)(4) before it imposed consecutive sentences, both with regard to the Muskingum County cases and the Franklin and Delaware County cases, and we are able to determine that the record contains evidence to support the trial court's findings. As set forth by this Court in *State v. Paskins*, 2022-Ohio-4024 (5th Dist.):

In *State v. Bates,* the Ohio Supreme Court ruled the trial court may impose a prison sentence to be served consecutively to a prison sentence imposed on the same offender by another Ohio court. 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328. To overcome the presumption that sentences run concurrently and impose consecutive sentences in an unrelated case, the trial court must comply with R.C. 2929.14(C). *State v. Harmon,* 7th Dist. Columbiana No. 21 CO 0015, 2022-Ohio-3617, 2022 WL 6677200, ¶7; *State v. Irwin-Debraux,* 2nd Dist. Montgomery No. 28308, 2019-Ohio-5013, 2019 WL 6652171, ¶12.

*Id.* at ¶ 92.

**{¶17}** The trial court specifically found that consecutive sentences were necessary to protect the public and punish the appellant, and were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public.  The trial court also considered the appellant's history of criminal conduct, finding that it demonstrated consecutive sentences were necessary to protect the public from future crime. The trial court utilized this language with regard to the Muskingum County criminal matters before it, as well as with regard to the Franklin and Delaware County cases, stating that it found consecutive sentences "necessary to punish this offender and finding consecutive sentences are not disproportionate to the seriousness of the conduct and danger posed to the public." Additionally, the trial court stated that the appellant's "history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime of this offender," and that it was consecutive to any time the

appellant was already serving in the four-and-one-half year sentence from Franklin and Delaware Counties.

{¶18} "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court made the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing, and incorporated its findings into its sentencing entry. The record supports the findings of the trial court, and the appellant's consecutive sentences should be upheld. We therefore find the appellant's assignment of error to be without merit.

## CONCLUSION

{¶19} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.