[Cite as *State v. Priest*, 2022-Ohio-4291.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2022 CA 00022 |
| GLENN J. PRIEST | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 2018 CR 00321


JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      November 30, 2022


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      WILLIAM T. CRAMER
Licking County Prosecutor             470 Olde Worthington Road – Suite #200
                                      Westerville, Ohio 43082
ROBERT N. ABDALLA
Assistant Prosecuting Attorney
20 S. Second Street
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Glenn Priest appeals the judgment entered by the Licking County Common Pleas Court convicting him following his pleas of guilty to involuntary manslaughter (R.C. 2903.04(A)), felonious assault with a firearm specification (R.C. 2941.145(A)), having weapons under disability (R.C. 2923.13(A)(2)), and improperly handling a firearm in a motor vehicle (R.C. 2923.16(B)) and sentencing him to an aggregate term of twenty years incarceration.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 11, 2018, Newark police were dispatched to an address on Hancock Street for a report of shots fired. Upon arrival police located a deceased white male, later identified as Jessie Moffitt Sr.   Upon investigation, police learned Moffitt went to the Hancock Street address to retrieve a cell phone. At the residence, a verbal altercation ensued between Moffitt and a third party. During the altercation, appellant came up from the basement and shot and killed Moffitt.  Appellant fled the scene in a gold Ford F150.

**{¶3}** On May 12, 2018, Newark police learned the Ohio State Highway Patrol was investigating Appellant's involvement in a road-rage incident, during which he was also driving the gold Ford F150 on Interstate 70 westbound near mile post 137 in Licking County.  In this incident, Appellant passed a vehicle, went onto the berm of the highway, stopped in front of the vehicle, and fired at least one shot at the vehicle. The driver of the vehicle went around Appellant and fled. On the morning of May 13, 2018, Newark police found the gold Ford F150 abandoned near railroad tracks behind a residence on Hudson Avenue in Newark. Police watched the vehicle until Appellant was arrested later that evening.

**{¶4}**   At the time of his arrest, a firearm was found on Appellant's person. Appellant was Mirandized and interviewed. He admitted killing Moffitt.

**{¶5}**   Appellant was charged by indictment as follows: one count of murder pursuant to R.C. 2903.02(A), an unclassified felony [Count I]; one count of involuntary manslaughter pursuant to R.C. 2903.04(A), a felony of the first degree [Count II]; one count of having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree [Count III]; one count of felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree [Count IV]; one count of having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree [Count V]; and one count of improperly handling firearms in a motor vehicle pursuant to R.C. 2923.26(B), a felony of the fourth degree [Count VI]. Counts I, II, and IV are accompanied by repeat-violent-offender specifications pursuant to R.C. 2941.149(A) and firearm specifications pursuant to R.C. 2941.145(A).  Appellant entered guilty pleas to involuntary manslaughter, felonious assault with a firearm specification, having a weapon under disability, and improper handling of a firearm in a motor vehicle.  The State dismissed the remaining charges.

**{¶6}**   Appellant was sentenced by the Licking County Common Pleas Court to six years incarceration for involuntary manslaughter, eight years incarceration for felonious assault, three years incarceration for the firearm specification, three years incarceration for having a weapon under disability, and one year incarceration for improper handling of a firearm in a motor vehicle, with all sentences except the one year for improper handling of a firearm to be served consecutively to each other, but concurrently to the one year sentence for improper handling of a firearm, for an aggregate prison term of twenty years.

**{¶7}** Appellant filed an appeal to this Court, arguing the trial court erred in failing to merge the convictions of felonious assault and improper handling of a firearm, and the trial court erred in imposing consecutive sentences without making the requisite statutory findings at the sentencing hearing. We found the trial court did not err in failing to merge the convictions, but found the trial court failed to make the required findings before imposing consecutive sentences. *State v. Priest,* 5th Dist. Licking No. 19-CA-14, 2021-Ohio-3418. We vacated the sentence and remanded for resentencing.

**{¶8}** On remand, the trial court held a new sentencing hearing, and imposed the same sentence. It is from the April 13, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY FAILING TO MAKE ALL OF THE STATUTORY FINDINGS UNDER R.C. 2929.14(C)(4) BEFORE IMPOSING CONSECUTIVE SENTENCES.

II. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY IMPOSING CONSECUTIVE SENTENCES WHEN THE RECORD DOES NOT SUPPORT THE REQUISITE STATUTORY FINDINGS.

I.

{¶9}    In his first assignment of error, Appellant argues the trial court failed to make the findings required at the sentencing hearing to impose consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶10}  R.C. 2929.14(C)(4) provides:


(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶11}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smith*, 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 34, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶12}** The trial court made the following findings at the sentencing hearing:

I find consecutive sentences are necessary to protect the public, punish you, are not disproportionate to the crimes you committed or sentences imposed on others for similar conduct. I further find your criminal history demonstrates consecutive sentences are necessary to protect the public from future crime, and I would specifically point out your present term on post-release control at the time of the offense, your prior conviction for carrying a concealed weapon, aggravated assault, robbery.

**{¶13}** 4/13/22 Hrg., p. 7.

{¶14} While we recognize the trial court is not required to recite "talismanic words or phrases" in order to be considered to have complied, we find the trial court's finding concerning disproportionality do not meet the requirements of the statute.

{¶15} R.C. 2929.14(C)(4) requires the trial court to find "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Thus, two findings concerning disproportionality are required: first, consecutive sentences are not disproportionate to the seriousness of the defendant's conduct, and second, consecutive sentences are not disproportionate to the danger the defendant poses to the public. The trial court first found consecutive sentences are not disproportionate to the crimes Appellant committed. While not using the exact language of the statute, we find the language used by the trial court is sufficient to comply with the statutory requirement the trial court find consecutive sentences are not disproportionate to the seriousness of Appellant's conduct.

{¶16} However, the trial court made no finding consecutive sentences are not disproportionate to the danger Appellant poses to the public. Instead, the trial court found consecutive sentences "are not disproportionate to the crimes you committed *or sentences imposed on others for similar conduct.*" (Emphasis added). Disproportionality of a defendant's sentence in comparison with other similarly-situated defendants is an entirely separate legal concept from disproportionality to the danger Appellant poses to the public. We therefore find the trial court's findings at the sentencing hearing did not comply with R.C. 2929.14(C)(4), and the trial court erred in imposing consecutive sentences.

{¶17} The first assignment of error is sustained.

II.

{¶18} The second assignment of error is rendered premature by our disposition of Appellant's first assignment of error.

{¶19} The judgment of the Licking County Common Pleas Court is reversed, and this cause is remanded to that court for resentencing in accordance with law and this opinion.

By: Hoffman, J.
Gwin, P.J. and
Wise, John, J. concur

HON. WILLIAM B. HOFFMAN

HON. W. SCOTT GWIN

HON. JOHN W. WISE