[Cite as *State v. Preist*, 2023-Ohio-3702.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2023 CA 00012 |
| GLENN J. PRIEST | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of Common Pleas, Case No. 2018 CR 00321

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 11, 2023

APPEARANCES:

For Plaintiff-Appellee

JENNY WELLS
Licking County Prosecuting Attorney

KENNETH W. OSWALT
Assistant Prosecuting Attorney
20 S. Second Street – 4th Floor
Newark, Ohio 43055

For Defendant-Appellant

BRIAN A. SMITH
123 S. Miller Road – Suite #250
Akron, Ohio 44333

*Hoffman, J.*

{¶1} Defendant-appellant Glenn Priest appeals the judgment entered by the Licking County Common Pleas Court convicting him following his pleas of guilty to involuntary manslaughter (R.C. 2903.04(A)), felonious assault with a firearm specification (R.C. 2941.145(A)), having weapons under disability (R.C. 2923.13(A)(2)), and improperly handling a firearm in a motor vehicle (R.C. 2923.16(B)) and sentencing him to an aggregate term of twenty years incarceration. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 11, 2018, Newark police were dispatched to an address on Hancock Street for a report of shots fired. Upon arrival police located a deceased white male, later identified as Jessie Moffitt, Sr. Upon investigation, police learned Moffitt went to the Hancock Street address to retrieve a cell phone. At the residence, a verbal altercation ensued between Moffitt and a third party. During the altercation, Appellant came up from the basement and shot and killed Moffitt. Appellant fled the scene in a gold Ford F150.

{¶3} On May 12, 2018, Newark police learned the Ohio State Highway Patrol was investigating Appellant's involvement in a road-rage incident, during which he was also driving the gold Ford F150 on Interstate 70 westbound near mile post 137 in Licking County. In this incident, Appellant passed a vehicle, went onto the berm of the highway, stopped in front of the vehicle, and fired at least one shot at the vehicle. The driver of the vehicle went around Appellant and fled. On the morning of May 13, 2018, Newark police found the gold Ford F150 abandoned near railroad tracks behind a residence on Hudson Avenue in Newark. Police watched the vehicle until Appellant was arrested later that evening.

{¶4}  At the time of his arrest, a firearm was found on Appellant's person. Appellant was Mirandized and interviewed. He admitted killing Moffitt.

{¶5}  Appellant was charged by indictment as follows: one count of murder pursuant to R.C. 2903.02(A), an unclassified felony [Count I]; one count of involuntary manslaughter pursuant to R.C. 2903.04(A), a felony of the first degree [Count II]; one count of having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree [Count III]; one count of felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree [Count IV]; one count of having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree [Count V]; and one count of improperly handling firearms in a motor vehicle pursuant to R.C. 2923.26(B), a felony of the fourth degree [Count VI]. Counts I, II, and IV were accompanied by repeat-violent-offender specifications pursuant to R.C. 2941.149(A) and firearm specifications pursuant to R.C. 2941.145(A). Appellant entered guilty pleas to involuntary manslaughter, felonious assault with a firearm specification, having a weapon under disability, and improper handling of a firearm in a motor vehicle. The State dismissed the remaining charges.

{¶6}  Appellant was sentenced by the Licking County Common Pleas Court to six years incarceration for involuntary manslaughter, eight years incarceration for felonious assault, three years incarceration for the firearm specification, three years incarceration for having a weapon under disability, and one year incarceration for improper handling of a firearm in a motor vehicle, with all sentences except the one year for improper handling of a firearm to be served consecutively to each other, but concurrently to the one year sentence for improper handling of a firearm, for an aggregate prison term of twenty years.

**{¶7}** Appellant filed an appeal to this Court, arguing the trial court erred in failing to merge the convictions of felonious assault and improper handling of a firearm, and the trial court erred in imposing consecutive sentences without making the requisite statutory findings at the sentencing hearing. We found the trial court did not err in failing to merge the convictions, but found the trial court failed to make the required findings before imposing consecutive sentences. *State v. Priest*, 5th Dist. Licking No. 19-CA-14, 2021-Ohio-3418. We vacated the sentence and remanded for resentencing.

**{¶8}** On remand, the trial court imposed the same sentence. Appellant again appealed to this Court. We found the trial court failed to make the requisite findings before imposing consecutive sentences because the trial court's findings concerning disproportionality did not meet the statutory requirements. *State v. Priest*, 5th Dist. Licking No. 2022 CA 00022, 2022-Ohio-4291. We reversed and remanded for resentencing.

**{¶9}** On remand, the trial court imposed the same sentence, finding consecutive sentences are necessary to protect the public from future crime or to punish Appellant, consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public, and Appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant. It is from the January 30, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY THE RECORD.

**{¶10}** Appellant argues the trial court's imposition of consecutive sentences was not supported by the record because his written statement, as set forth in the presentence investigation report filed under seal in this case, indicates he acted in defense of a sixteen-year-old boy present at the house when he killed Moffitt. He argues the imposition of consecutive sentences was "needlessly duplicative" because he was already receiving a mandatory sentence for the firearm specification, and his history of criminal conduct reflects only one prior prison sentence.

**{¶11}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

**{¶12}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶13}** In deciding whether to impose consecutive sentencing, the trial court is to consider the aggregate term of incarceration which will result from consecutive sentencing. *State v. Gwynne*, 2022-Ohio-4607, 2022 WL 17870605, ¶¶14-15. In *Gwynne*, the Ohio Supreme Court recently clarified the standard of review this Court is to use on review of consecutive sentences:

It is important to understand that the standards referenced above

have very specific meanings and fall into one of two categories—either a

standard of review or an evidentiary standard of proof. "Abuse of discretion,"

"clearly erroneous," and "substantial evidence" are traditional forms of

appellate-court deference that are applied to a trial court's decisions. They

are standards of review that are applied by a reviewing court to certain

decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. 2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. 2953.08(G)(2), is that the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply to satisfy the third required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court

applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of R.C. 2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when considering whether reversal or modification is appropriate under R.C. 2953.08(G)(2).

**{¶14}**  *Id.* at ¶¶20-22.

**{¶15}**  Upon review of the sentencing transcript and the presentence investigation filed under seal in this case, we are not "left with a firm belief or conviction that the findings are not supported by the evidence." *See, Id.* at ¶27. The offenses to which Appellant pled guilty involved two separate incidents and victims.  While Appellant's written statement indicated he was acting in defense of a teenage boy during the first incident, the person who conducted the presentence investigation interview noted Appellant's comments during the interview contradicted the remorse Appellant expressed in his written

statement.  Further, the interviewer noted Appellant has a significant criminal record and displays high criminal thinking.  The PSI recommended the maximum sentence be imposed.  Appellant has a lengthy criminal record of both misdemeanors and felonies, committed both as a juvenile and as an adult.  We find the record supports the imposition of consecutive sentences in the instant case.

{¶16}  The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur